IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICARDO PANNEFLEK<br><br>  Plaintiff,<br><br>  v.<br><br>MIAMI ALL NETWORK MARKETING INC.; RENZO VERASTEGUI; RENATTA G. VERASTEGUI; DELIVERY DRD CORP.; NEW LIFE BROADCASTING INC; ARSO RADIO CORPORATION; XYZ CORPORATION; JOHN DOE; JANE DOE<br><br>  Defendants | CIVIL NO.: 22-1282 (ADC)<br><br><br><br>TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; FALSE ADVERTISEMENT AND REQUEST FOR INJUNCTIVE RELIEF<br><br>JURY TRIAL |

**OPPOSITION TO RESPONSE TO MOTION FOR VOLUNTARY DISMISSAL**

**TO THE HONORABLE COURT:**

COMES NOW plaintiff **Ricardo Panneflek** ("Panneflek" or "Plaintiff"), through the undersigned attorney who respectfully states and prays as follows:

1. On November 28, 2022, defendant Arso Radio Corporation ("Arso") requested that the Settlement Agreement reached between the principal defendants in this case be delivered to them. (Dkt. No. 18). It further requested that attorney's fees in the amount of $5,000.00 be awarded since said party filed an Answer to the Complaint before the request for voluntary dismissal against all defendants in this case was filed.

2. As to the first request of notice of the the Settlement Agreement on this same date the same was sent to defendant Arso's counsel.

3. As to their second request for attorney's fees we must note that before Arso's Answer to the Complaint was due the undersigned attorney held a telephone conference with Arso's attorney to inform him that the case had been settled and that a dismissal against all defendants, including his client, was to be filed. Nonetheless, and at its own peril, defendant Arso decided to file an Answer to the Complaint.

4. Generally, a plaintiff's voluntary dismissal with prejudice does not entitle a defendant to attorney's fees. *Colombrito v. Kelly,* 764 F.2d 122, 133–34 (2nd Cir.1985); *Cauley v. Wilson,* 754 F.2d 769, 772 (7th Cir.1985); *Smoot v. Fox,* 353 F.2d 830, 833 (6th Cir.1965); *Esquivel v. Arau,* 913 F.Supp. 1382, 1388 (C.D.Cal.1996). A court may award, attorney's fees, however, in exceptional circumstances. *Smoot,* 353 F.2d at 833; *Murdock v. Prudential Ins. Co. of America,* 154 F.R.D. 271, 273 (M.D.Fla.1994). Additionally, a court may award attorney's fees when a party acts in bad faith, wantonly, vexatiously, or for an oppressive reason. *Schwarz,* 767 F.2d at 132.

5. In the case at bar, there are no exceptional circumstances that warrant an award of attorney's fees. As stated, defendant's counsel was notified that this case was going to be dismissed before it filed its Answer to the Complaint. As such, plaintiff acted in good faith and did not file its request for voluntary dismissal with prejudice against all defendants in bad faith, wantonly or vexatiously.

-3-

**WHEREFORE,** it is respectfully requested that this Honorable Court take notice of the aforementioned and that Arso's request for attorney's fees be denied.

**RESPECTFULLY SUBMITTED**

On San Juan, Puerto Rico this 29th day of November 2022.

**BELÉNDEZ LAW OFFICES**
PO BOX 11534
SAN JUAN, PUERTO RICO 00922
Telephone: (787) 406-8668


*s/Laura Beléndez Ferrero*
USDC NO. 216301
Lbelendez@msn.com
