THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RICARDO PANNEFLEK,**

    **Plaintiff,**

    v.

**MIAMI ALL NETWORK MARKETING, INC., et al.,**

    **Defendants.**

Civil No. 22-1282 (ADC)

**OPINION AND ORDER**

On June 16, 2022, plaintiff filed the instant action against several codefendants. **ECF No. 1**. On November 16, 2022, plaintiff filed a motion to dismiss with prejudice the case claiming that the "principal parties" in the case reached a settlement agreement. **ECF No. 17** at 1.

Co-defendant Arso Radio Corporation filed a one-page opposition to plaintiff's request for dismissal. **ECF No. 18**. Co-defendant Arso Radio Corporation's motion does not include a single line with discussion, legal authorities or even the slightest explanation for his opposition. Instead, he simply states in two lonesome lines that he requests copy of the agreement and attorney's fee in the amount of $5,000. Id.

On November 29, 2022, plaintiff filed a reply asserting that a copy of the agreement was recently sent to co-defendant Arso Radio Corporation. **ECF No. 19**. Moreover, plaintiff

submitted caselaw in support of his argument in opposition to co-defendant Arso Radio Corporation's request for attorney's fees. Id.

Co-defendant Arso Radio Corporation did not move for leave to file a sur-reply.

The Court hereby **DENIES** co-defendant Arso Radio Corporation's request at **ECF No. 18** for several reasons. First of all, co-defendant Arso Radio Corporation made no effort at all to comply with Local Civil Rule 7, which requires, in relevant, that "all matters to be submitted for consideration by the court shall be presented by written motion filed with the clerk, incorporating a memorandum of law as appropriate, including citations and supporting authorities." Local Civil Rule 7(a). Moreover, plaintiff already provided co-defendant Arso Radio Corporation a copy of the agreement.

Second, co-defendant Arso Radio Corporation losses sight of the fact that "[u]nder the well-established American Rule, attorneys' fees are not recoverable by a party unless statutorily or contractually authorized." *Mullane v. Chambers*, 333 F.3d 322, 337–38 (1st Cir. 2003) (cleaned up).

Third, plaintiff called co-defendant Arso Radio Corporation to inform about the settlement and to inform that the case would be dismissed before co-defendant Arso Radio Corporation filed its responsive pleading. Co-defendant Arso Radio Corporation nonetheless decided to file its responsive pleading. Finally pursuant to Fed. R. Civ. P. 41(a)(2) "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

For all the above, pursuant to Fed. R. Civ. P. 41(a)(2), the motion for voluntary dismissal of the case with prejudice at **ECF No. 17 is GRANTED** without the imposition of attorney's fees.

All pending motions are thus **MOOT**.

Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 20th day of January 2023.

> **S/AIDA M. DELGADO-COLÓN**
> **United States District Judge**